# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***



TSAI-LU SHEN,

        Plaintiff,

vs.

MICHELLE LACOUR,

        Defendant.

2:19-cv-01564-JAD-VCF

**ORDER**

MOTION TO DISMISS COMPLAINT OR ALTERNATIVELY TO QUASH SERVICE [ECF NO. 5]

**ALTERNATIVE ORDER TO SHOW CAUSE**

Before the Court is defendant Michelle LaCour's motion to dismiss complaint, or alternatively to quash service (ECF No. 5). The motion to dismiss will be held in abeyance until further order of the Court.

## I.  Background

On July 3, 2019, plaintiff Tsai-Lu Shen filed a complaint in the Eighth Judicial District Court of the State of Nevada for Clark County, Case No. A-19-797897-B ("State Court Case"). (ECF No. 1 at 7). The complaint states that, "[u]pon information and belief, Defendant Micelle [sic] LaCour is, and was at all relevant times to this action, an adult resident of the state of Washington." (*Id.*) On September 9, 2019, defendant LaCour filed a notice of removal to this Court. (*Id.* at 1). Defendant's statement regarding removal states that LaCour, "is a citizen of the state of Hawaii." (ECF No. 9).

On September 16, 2019, defendant filed a motion to dismiss complaint, or alternatively to quash service. (ECF No. 5). The motion to dismiss is fully briefed. (ECF Nos. 12, 13). On October 10, 2019, the parties filed a joint stipulated discovery plan and scheduling order. (ECF No. 15). The same day, this

Court entered an order setting a hearing on LaCour's motion to dismiss and the joint stipulated discovery plan and scheduling order. (ECF Nos. 5, 15, and 16).

On October 30, 2019, the Court conducted a hearing on LaCour's motion to dismiss and the parties' joint stipulated discovery plan and scheduling order. (ECF Nos. 5, 15, and 17). Counsel for plaintiff Shen represented on the record that plaintiff Shen is both a resident of Taiwan and a citizen of Taiwan. Counsel for plaintiff represented on the record that plaintiff discovered that defendant LaCour is a resident of Hawaii and a citizen of the United States. This Court ordered that the joint discovery plan (ECF No. 15) is not approved at this time. (ECF No. 17).

## II. Analysis

"Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute." *Alessi & Koenig LLC v. Fannie Mae*, No. 2:15-cv-01946-GMN-GWF, 2017 U.S. Dist. LEXIS 94150, at 3 (D. Nev. June 18, 2017); citing to *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). Pursuant to 28 USCS § 1332:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) Citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]

See 28 USCS § 1332(a)(1) and (a)(2). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Pursuant to 28 U.S.C.S. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." It is well established that

there is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal." *Bierman v. Toshiba Corp.*, No. C 12-5375 PJH, 2013 U.S. Dist. LEXIS 12057, at 2 (N.D. Cal. Jan. 29, 2013), citing to *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "Doubts as to removability are resolved in favor of remanding the case to state court." *Bierman* 2013 U.S. Dist. LEXIS 12057 at 2, citing to *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Diversity jurisdiction is not facially evident from the complaint, which states that the plaintiff is a resident of Taiwan. Plaintiff has not alleged in the complaint that the parties are citizens of different states, or citizens of a state and citizens or subjects of a foreign state. The Court orders that plaintiff may file an amended complaint by November 13, 2019. If plaintiff files an amended complaint, the Court will grant defendant's motion to quash service. The plaintiff will have 90 days from the date of filing to serve the amended complaint on the defendant.

//
//
//
//
//
//
//
//
//

If plaintiff does not file an amended complaint by November 13, 2019, defendant will have until November 27, 2019 to show cause in writing regarding why this case should not be remanded for lack of subject matter jurisdiction. If this case is not remanded after resolution of this alternative show cause order, then the parties must hold a new 26(f) conference and submit a new joint stipulated discovery plan and scheduling order.

ACCORDINGLY,

IT IS ORDERED that defendant Michelle LaCour's motion to dismiss complaint, or alternatively to quash service (ECF No. 5) is HELD IN ABEYANCE until further order of the Court;

IT IS FURTHER ORDERED that if plaintiff does not file an amended complaint by November 13, 2019, then defendant must SHOW CAUSE in writing by November 27, 2019 regarding why this case should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED this 31st day of October 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE