**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

\*\*\*

TSAI-LU SHEN,

        Plaintiff,

vs.

MICHELLE LACOUR,

        Defendant.

2:19-cv-01564-JAD-VCF

**ORDER**

MOTION TO DISMISS [ECF NO. 5]; MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL [ECF NO. 21]

    Before the Court are: 1) defendant Michelle LaCour's motion to dismiss complaint, or alternatively to quash service (ECF No. 5); and defendant's first motion for leave to file an amended notice of removal (ECF No. 21). The motion to dismiss or to quash service (ECF No. 5) is granted in part and the motion for leave (ECF No. 21) is granted.

**I.    Background**

    On July 3, 2019, plaintiff Tsai-Lu Shen filed a complaint in the Eighth Judicial District Court of the State of Nevada for Clark County, Case No. A-19-797897-B ("State Court Case"). (ECF No. 1 at 7). The complaint states that, "[u]pon information and belief, Defendant Micelle [sic] LaCour is, and was at all relevant times to this action, an adult resident of the state of Washington." (*Id.*)

    On October 30, 2019, the Court conducted a hearing on LaCour's motion to dismiss and the parties' joint stipulated discovery plan and scheduling order. (ECF Nos. 5, 15, and 17). The Court found that diversity jurisdiction is not facially evident from the complaint, which states that the plaintiff is a resident of Taiwan. (ECF No. 18). Counsel for plaintiff Shen represented on the record that plaintiff Shen is both a resident of Taiwan and a citizen of Taiwan. The Court ordered that plaintiff may file an

1

amended complaint by November 13, 2019. (ECF No. 18). Plaintiff did not file an amended complaint. The Court ordered in the alternative that defendant had until November 27, 2019 to show cause in writing regarding why this case should not be remanded for lack of subject matter jurisdiction. (*Id*.) The Court ordered that defendant's motion to dismiss or alternatively to quash service would be held in abeyance. (*Id*.) Defendant filed her motion for leave to file an amended notice of removal. (ECF No. 21). Defendant also timely filed a response to the order to show cause. (ECF No. 22). The plaintiff filed a response to the motion for leave (ECF No. 28) and defendant filed a reply (ECF No. 30).

Defendant argues in her motion for leave that defects in form of a removal petition are amendable at any time. (ECF No. 21 at 4). The defendant argues that her notice of removal was defective only in form because it failed to specifically state that Plaintiff was a citizen of Taiwan and that LaCour was a citizen of Washington state. (*Id*.) Defendant states in her response to the order to show cause that her amended notice of removal specifically alleges diversity of citizenship of the parties. (ECF No. 22 at 5).

Plaintiff argues in his response to the motion for leave to amend that the defendant submitted to the jurisdiction of this Court when she responded to the order to show cause. (ECF No. 28 at 5). Plaintiff also argues that her response to the order to show cause is a waiver of service. (*Id.*) The defendant argues in her reply that plaintiff has not provided authority for his waiver claim. (ECF No. 30 at 5). The defendant also argues that the plaintiff fails to recognize the difference between the court's subject matter jurisdiction and personal jurisdiction over LaCour, and that removal does not waive a personal jurisdiction defense. (*Id*. at 4).

//

## II. Analysis

### A. Defendant's Motion for Leave to File Amended Notice of Removal

"Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute." *Alessi & Koenig LLC v. Fannie Mae*, No. 2:15-cv-01946-GMN-GWF, 2017 U.S. Dist. LEXIS 94150, at 3 (D. Nev. June 18, 2017); citing to *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). Federal district courts have original jurisdiction where the amount in controversy exceeds $75,000.00, and the matter is between, "citizens of a State and citizens or subjects of a foreign state[.]" 28 USCS § 1332(a)(2). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Pursuant to 28 U.S.C.S. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

"[D]efects in form of a removal petition are amendable at any time, not just within the original 30-day period for removal." *Kacludis v. GTE Sprint Communications Corp.*, 806 F. Supp. 866, 869 (N.D. Cal. 1992) (citing *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969)); see also *London v. Standard Oil of Cal., Inc.*, 417 F.2d 820 (9th Cir. 1969). "For an action to be removable . . . it must meet the statutory requirements as of the time the removal petition is filed *and* as of the time of the commencement of the action in state court." *Kacludis,* 806 F. Supp at 869 (internal citation omitted). Federal Rules of Civil Procedure 12(h)(1) states that a defendant waives any personal jurisdiction defense he might otherwise have if he does not raise it in a responsive pleading or in a motion to dismiss that precedes the responsive pleading.

Diversity jurisdiction is not facially evident from the complaint, which states that the plaintiff is a resident of Taiwan. Diversity jurisdiction is also not evident from the defendant's first notice of removal because it alleges that plaintiff is a resident of Taiwan and plaintiff is a resident of the state of

3

Washington. (ECF 1 at 2). Defendant does not seek to add a completely new jurisdictional basis but rather seeks to correct a technical defect. Because the defendant can correct a defect in form of a removal petition at any time, the defendant's motion for leave to file an amended notice of removal is granted. The plaintiff's waiver argument is unavailing because the defendant challenged personal jurisdiction in a motion to dismiss (ECF No. 5). The Court ordered the defendant to respond to the order to show cause (ECF No. 18), but the defendant had already satisfied the minimum steps to preserve her defense pursuant to Rule 12. The Court will consider defendant's amended notice of removal (ECF No. 21-1) as the notice of removal for this case.

### B. Defendant's Motion to Dismiss or Alternatively to Quash Service

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 686 (9th Cir. 1988). Although Rule 4 is flexible, "without substantial compliance with rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* "Once the defendant has challenged the exercise of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 537 (9th Cir. 1986).

Plaintiff Shen concedes that he has not personally served LaCour, but he argues that service upon a third party named Dr. Cheryl Nesler is enough because Shen believes LaCour lives with Nesler. (ECF No. 12 at 5). Shen has not met his burden to support his claim that LaCour lives at the stated Hawaii address with Nesler and that he has served LaCour. Whether to quash or dismiss lies within the Court's discretion. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). This Court exercises its discretion and grants the defendant's motion to quash and denies the motion to dismiss. The Court

4

grants plaintiff Shen an extension under Federal Rule of Civil Procedure 4(m) to properly serve the defendant with the complaint and a summons.

ACCORDINGLY,

IT IS ORDERED that defendant Michelle LaCour's motion to dismiss complaint, or alternatively to quash service (ECF No. 5) is GRANTED IN PART as follows: defendant's motion to dismiss is DENIED and the defendant's motion to quash is GRANTED.

IT IS FURTHER ORDERED that the time for plaintiff Tsai-Lu Shen to properly serve the defendant with a summons and a copy of the complaint is extended to Wednesday, January 29, 2020.

IT IS FURTHER ORDERED that defendant LaCour's motion for leave to amend notice of removal (ECF No. 21) is GRANTED.

IT IS FURTHER ORDERED that the Clerk is DIRECTED to file the amended notice of removal (ECF No. 21-1).

IT IS SO ORDERED.

DATED this 30th day of December 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE