**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| TSAI-LU SHEN, | |
| Plaintiff, | 2:19-cv-01564-JAD-VCF |
| vs. | **ORDER** |
| MICHELLE LACOUR, | MOTION TO EXTEND TIME [ECF No. 39]; MOTION FOR SERVICE BY PUBLICATION [ECF No. 38] |
| Defendant. | |

Before the Court are plaintiff Tsai-Lu Shen's motions to extend time to serve process upon defendant Michelle LaCour (ECF No. 39) and for an order allowing service by publication (ECF No. 38). Plaintiff's motion for an extension is granted and her motion for service by publication is denied.

**I.    Background**

On July 3, 2019, plaintiff Tsai-Lu Shen filed a complaint in the Eighth Judicial District Court of the State of Nevada for Clark County, Case No. A-19-797897-B ("State Court Case"). (ECF No. 1 at 7). The complaint states that, "[u]pon information and belief, Defendant Micelle [sic] LaCour is, and was at all relevant times to this action, an adult resident of the state of Washington." (*Id.*). Defendant LaCour states in her amended notice of removal that at the time the complaint was filed she was domiciled in and a citizen of Washington state. (ECF No. 33 at 2).

The Court previously granted plaintiff an extension until January 29, 2020 to serve the defendant. (ECF No. 32). Plaintiff argues that he needs an extension and he wants to serve defendant by publication because defendant is evading service. (ECF Nos. 38 and 39 at 4). The defendant argues that plaintiff has not been diligent, has not provided any sources of information that links defendant to the

1

new Hawaii address, that she waited five months to attempt service after the first attempt, and her recent attempts have been over a period of seven days right before service deadline. (ECF Nos. 40 and 41 at 3). Plaintiff argues in her reply that because defendant's counsel has denied having the authority to waive of service of process, that defendant is wasting plaintiff's time and money. (ECF Nos. 42 and 43).

**II.     Analysis**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 686 (9th Cir. 1988). Although Rule 4 is flexible, "without substantial compliance with rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[ ]." Rule 4 states that the only penalty a defendant may suffer for insisting on formal service is an assessment against it of the costs of service.

"[S]ervice by publication is utilized only as a last resort[ ]." *Rimer v. Nev. ex rel. Nev. Dep't of Corr.*, No. 2:14-cv-00889-RFB-CWH, 2015 U.S. Dist. LEXIS 34041, at 6 (D. Nev. Mar. 16, 2015); see also *Duarte v. Freeland*, Nos. C-05-2780 EMC, 11, 80, 2008 U.S. Dist. LEXIS 30800, at 4 (N.D. Cal. Mar. 7, 2008) (Finding that although plaintiff attempted personal service more than once through a process servicer, plaintiff did not show evidence of a diligent search from "likely sources of information…before resorting to the last resort of service by publication" and describing efforts that could be made to locate a defendant – "e.g., that appropriate directories were checked with negative results (telephone books, etc.), that defendant's family and neighbors state they do not know his or her address, that defendant's last known employer and co-workers state they do not know defendant's whereabouts, etc."); see also *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950) (discussing due process and notice to a party).

District courts retain broad discretion to permit service-of-process extensions under Rule 4(m). See *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir.2007) (quoting *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir.1998)). "Nothing in Rule 4 obliges a defendant to execute a waiver of service." *Troxell*, 160 F.3d at 383. A defendant, "that wants to stand on formalities, for whatever reason, is entitled to do so, as long as it is willing to pay for the privilege." *Id.*

The Court finds that plaintiff has not been diligent in attempting to serve defendant: plaintiff hired a process server to conduct a skip trace and attempted service over a period of only seven days. Plaintiff has not shown that he has investigated any other likely sources of information to locate the defendant prior to seeking the last resort of service by publication. The Court has broad discretion to permit an extension under Rule 4. Plaintiff has not indicated that the statute of limitations will expire. The defendant will not be prejudiced by a ninety-day extension because plaintiff filed this lawsuit in the middle of last year.[1] Defendant has actual notice of this lawsuit as she is represented by counsel, so eventual service is probable. Plaintiff's argument that defendant is to blame because she refused to waive service is unavailing because the defendant has the right to proper service of process. The Court grants plaintiff Shen an extension under Federal Rule of Civil Procedure 4(m) to properly serve the defendant with the complaint and a summons but denies her request to serve defendant by publication.

ACCORDINGLY,

IT IS ORDERED that plaintiff Tsai-Lu Shen's motion to extend time to serve defendant Michelle LaCour is GRANTED: the time for plaintiff Tsai-Lu Shen to properly serve the defendant with

---

[1] Compare: the Ninth Circuit found that defendant had been prejudiced after a seven-year failure to serve defendant because, "[i]n the intervening seven years, the memories of all witnesses faded."

3

a summons and a copy of the complaint is extended to Tuesday, May 26, 2020.

IT IS FURTHER ORDERED that plaintiff's motion to allow service by publication on defendant LaCour is DENIED.

IT IS SO ORDERED.

DATED this 24th day of February 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE