**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

TSAI-LU SHEN,

        Plaintiff,

vs.

MICHELLE LACOUR,

        Defendant.

2:19-cv-01564-JAD-VCF

**REPORT AND RECOMMENDATION**

**-And-**

**ORDER**

SECOND MOTION TO EXTEND TIME TO SERVE PROCESS [ECF NO. 49]; MOTION FOR ALTERNATIVE SERVICE OF COMPLAINT AND SUMMONS [ECF NO. 52]; MOTION TO DISMISS [ECF NO. 55]

     Before the Court are plaintiff Tsai-Lu Shen's second motion to extend time to serve process upon defendant Michelle LaCour (ECF No. 49) and motion for alternative service (ECF No. 52). Also before the Court is defendant Michelle LaCour's motion to dismiss (ECF No. 55). The Court grants plaintiff's motion to extend time (ECF No. 49) and denies plaintiff's motion for alternative service (ECF No. 52). The Court also recommends denying defendant's motion to dismiss. (ECF No. 55).

**I.    Background**

     On July 3, 2019, plaintiff Tsai-Lu Shen filed a complaint in the Eighth Judicial District Court of the State of Nevada for Clark County, Case No. A-19-797897-B. (ECF No. 1 at 7). On September 9, 2019, defendant LaCour filed a notice of removal to this Court. (*Id.* at 1). The Court previously granted plaintiff extensions to serve the defendant: he most recently had until May 26, 2020. (See ECF No. 46). The Court also previously denied the plaintiff's motion for service by publication, "find[ing] that

plaintiff had not been diligent in attempting to serve defendant…prior to seeking the last resort of service by publication." (ECF No. 46 at 3).

The plaintiff argues in his motion to extend time to serve process that he has been diligent in attempting to serve LaCour but that she continues to evade service. (ECF No. 49 at 3). Plaintiff also argues that he does not wish to file a new motion for service by publication because it would create further cost and delay: so instead he asks the Court to allow him to serve the defendant via email pursuant to FRCP 4(f).  (ECF No. 52 at 3).

Defendant argues in her response that plaintiff has not been diligent in attempting service because he only attempted service a total of 3 times over a period of two days. (ECF No. 53 at 9). The defendant argues that plaintiff's lack of diligence is grounds for dismissal. (ECF No. 55 at 5). The defendant also argues that the plaintiff's lack of diligence does not justify the extraordinary request of permitting service within the United States via email because FRCP 4(f) references serving individuals in foreign countries. (ECF No. 54 at 6).

The plaintiff argues in his reply that he needs an extension because the COVID-19 pandemic has made service difficult. (ECF No. 57 at 6). The plaintiff argues in his reply that service by email should be permitted because defendant is evading service. (ECF No. 56 at 5). The plaintiff argues in his response to the motion to dismiss that he would immediately refile since the statute of limitations has not passed. (ECF No. 58 at 4). The defendant argues in her reply to the motion to dismiss that the plaintiff has unduly delayed this action due to his lack of diligence. (ECF No. 60 at 8).

**II.     Analysis**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 686 (9th Cir. 1988). Although Rule 4 is flexible, "without substantial compliance

with rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[ ]." Rule 4 states that the only penalty a defendant may suffer for insisting on formal service is an assessment against it of the costs of service. District courts retain broad discretion to permit service-of-process extensions under Rule 4(m). See *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir.2007) (quoting *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir.1998)). "Nothing in Rule 4 obliges a defendant to execute a waiver of service." *Troxell*, 160 F.3d at 383. A defendant, "that wants to stand on formalities, for whatever reason, is entitled to do so, as long as it is willing to pay for the privilege." *Id.*

      Plaintiff cites to no authority in this district to show that serving an individual within the United States via email is proper. Service via email is an extraordinary remedy and is not plaintiff's only option. For example, plaintiff chose not to file a new motion for service by publication, citing to the cost and delay of publication. Plaintiff brought this case and it is plaintiff's responsibility to serve the defendant. The defendant is not required to waive service of process; declining to waive service is not evasion. The defendant is entitled to formal service of process under the rules. The Court denies plaintiff's motion to serve the defendant via email.

      The Court exercises its broad discretion to extend service under Rule 4(m) given that the COVID-19 pandemic is part of the reason why there has been a delay. The statute of limitations is not yet at issue and allowing the plaintiff another extension of time saves judicial resources because it allows the plaintiff to pursue the instant action rather than refile. The Court thus recommends that the defendant's motion to dismiss be denied.

ACCORDINGLY,

IT IS ORDERED that plaintiff Tsai-Lu Shen's motion to extend time to serve defendant Michelle LaCour is GRANTED IN PART: the time for plaintiff Tsai-Lu Shen to properly serve the defendant with a summons and a copy of the complaint is extended to Wednesday, October 14, 2020.

IT IS FURTHER ORDERED that plaintiff's motion to allow service via email on defendant LaCour is DENIED.

IT IS FURTHER RECOMMENDED that the defendant's motion to dismiss be DENIED.

IT IS SO ORDERED AND RECOMMENDED.

DATED this 16th day of July 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE