**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

TSAI-LU SHEN,

          Plaintiff,

vs.

MICHELLE LACOUR,

          Defendant.

2:19-cv-01564-JAD-VCF

**ORDER**

SECOND MOTION FOR SERVICE BY PUBLICATION [ECF NO. 62]

Before the Court is plaintiff Tsai-Lu Shen's second motion for an order allowing service by publication. (ECF No. 62). The motion is granted.

**I.   Background**

On July 3, 2019, plaintiff Tsai-Lu Shen filed a complaint in the Eighth Judicial District Court of the State of Nevada for Clark County, Case No. A-19-797897-B. (ECF No. 1 at 7). On September 9, 2019, defendant Michelle LaCour filed a notice of removal to this Court. (*Id.* at 1). The Court previously denied the plaintiff's motion for service by publication, "find[ing] that plaintiff had not been diligent in attempting to serve defendant…prior to seeking the last resort of service by publication." (ECF No. 46 at 3). The Court granted plaintiff multiple extensions to serve the defendant: he now has until Wednesday, October 14, 2020. (ECF No. 61).

The plaintiff argues in his motion to serve defendant LaCour by publication that he has now attempted to personally serve defendant LaCour at multiple different addresses in Hawaii but all his attempts have been unsuccessful. (ECF No. 62 at 3-6). The defendant argues in her response that Shen has still not been diligent in attempting to serve LaCour and that there is evidence that the two

1

periodicals will provide LaCour with actual notice. (ECF No. 64 at 9). Shen argues in his reply that he has been diligent in attempting to locate LaCour and details his efforts, and that LaCour has actual notice of this suit. (ECF No. 67 at 3-5).

**II.     Analysis**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 686 (9th Cir. 1988). Although Rule 4 is flexible, "without substantial compliance with rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[ ]."

Federal Rule of Civil Procedure 4(e)(1) states that an individual may be served by following state law for serving summons in either the state where the district court is located, or where service is made. Nevada Rule of Civil Procedure 4.4 provides that a litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c). The litigant must (1) establish, "that the service methods provided in Rules 4.2, 4.3, and 4.4 (a) and (b)[1] are impracticable"; (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the

---

[1] Rules 4.2, 4.3, and 4.4(a) and (b) cover personal service inside and outside Nevada, statutory service, and Court ordered service.

summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NRCP 4.4(c).

The Court finds that the plaintiff's motion satisfies the eight requirements imposed by NRCP 4.4(c). Plaintiff has established that the service methods in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable because plaintiff has attempted to locate LaCour multiple times at her current residence without success. (ECF No. 62 at 2-8). It is undisputed that LaCour does not reside in Nevada and that LaCour is a citizen of Hawaii. (ECF No. 67 at 3). Plaintiff attempted to personally serve process upon her based upon the best, second-best, and third-best possible matches for addresses pursuant to skip trace and public records searches (ECF No. 62 at 3-4); he has researched LaCour's past addresses and confirmed the best possible match addresses by comparing them to business and other records (*Id*.); and he attempted to personally serve her multiple times (*Id*.).  He has also now hired a private investigator to locate her. (ECF No. 67). Service under NRCP 4.4(a) is inapplicable because there is no statute that requires service upon LaCour. Service under NRCP 4.4(b) is also impracticable because LaCour has attempted to communicate with LaCour via email, telephone, and mail based upon his research without success (ECF No. 62 at 3-4) and thus alternate means of service are not reasonably calculated to provide LaCour with notice and an opportunity to respond.

The Court finds that plaintiff has now exercised due diligence in his attempted personal service of LaCour. Shen's motion, reply, and its supporting declarations demonstrate that Shen has hired a process server and a private investigator to try to locate LaCour. Shen's process server and investigator searched a variety of public records, attempted to identify LaCour's last known addresses, and attempted to serve her there and at other addresses connected to LaCour. (ECF Nos. 62 at 67). Shen's

motion demonstrates his efforts to locate LaCour, provided last-known addresses and dates, and established that he does not know of any other address where LaCour resides at this time. Shen's lawsuit against LaCour names her as the only named defendant, thus she is a necessary party to this suit. Shen's motion provides the proposed language of the summons to be used in the publication. Although NRCP 4.4(c)(2)(C) requires that the summons summarize the claims sought, Federal Rule of Civil Procedure 4 governs the content of the summons issued in this case and Shen need not modify the summons.

Through plaintiff's research, he found two addresses in Hawaii connected to LaCour in Kamuela, Hawaii and he attempted to personally serve her multiple times at both addresses. The occupant of the first Kamuela address, Cheryl Nesler, stated in a sworn declaration that she knew LaCour but that LaCour did not live there. (ECF No. 5-1 at 2). Shen attempted to serve LaCour multiple times at a second Kamuela address, and on one occasion a woman, who refused to confirm or deny if LaCour lived there, refused to accept service. (ECF No. 62 at 3). Shen also discovered an address in Waimea, Hawaii connected to LaCour and he attempted to serve her there, but the property manager at the Waimea address told the process server that LaCour does not live there. (*Id*. at 5). Shen has found two newspapers that are distributed on the main island of Hawaii in proximity to Kamuela: (1) the Hawaii Tribune-Herald, which is distributed in the "Hilo-area of Hawaii's Big Island"3; and (2) West Hawaii Today, which is distributed "on the west side of Hawaii's Big Island from North Kohala to Ka'u. (ECF No. 62 at 10). The Court finds service by publication in the Hawaii Tribune-Herald and West Hawaii Today are both reasonably calculated to give LaCour actual notice of this action and service by publication is appropriate. Plaintiff can serve LaCour by publication in both publications.

Although this Court grants plaintiff's motion for publication, Nevada law enables this Court to order that plaintiff also, "make reasonable efforts to provide additional notice to a defendant using other

4

methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication.." NRCP 4.4(d)(1). This Court also orders that Shen send the summons and complaint to any addresses and email addresses that he identified in his research as being reasonably connected to LaCour. Shen must attest to his additional efforts to provide notice to LaCour in his proof of service.

ACCORDINGLY,

IT IS ORDERED that plaintiff Tsai-Lu Shen's motion for service by publication (ECF No. 62) is GRANTED.

IT IS FURTHER ORDERED that Shen must publish the summons and complaint in the Hawaii Tribune-Herald and West Hawaii Today at least once a week for a period of four weeks. Service will be deemed complete four weeks from the date of the first publication.

IT IS FURTHER ORDERED that Shen must make efforts to provide additional notice to LaCour by sending copies of the summons and complaint to any known addresses or email addresses, or any other addresses or email addresses that he discovers that may be connected to LaCour. Shen must attest to his additional efforts in his proof of service.

IT IS SO ORDERED.

DATED this 2nd day of September 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE