UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tsai-Lu Shen,<br><br>    Plaintiff<br><br>v.<br><br>Michelle LaCour,<br><br>    Defendant | Case No.: 2:19-cv-01564-JAD-VCF<br><br>**Order Overruling Objections and Affirming Magistrate Judge's Determinations to Grant Defendant's Motion to Quash and Deny Defendant's Second Motion to Dismiss**<br><br>[ECF Nos. 5, 32, 36, 55, 61] |

    Plaintiff Tsai-Lu Shen alleges that Michelle LaCour breached a contract between them by failing to provide him the full complement of stock that he purchased from her.[1] The parties have been locked in a protracted battle over service for a year: LaCour argues that this court lacks personal jurisdiction because she has not been properly served, while Shen maintains that he effected substitute service on LaCour at a residence in Hawaii. Magistrate Judge Ferenbach has twice considered service in this matter. He first granted LaCour's motion to quash service and denied her motion to dismiss for lack of personal jurisdiction, determining that Shen had not properly served LaCour and extending Shen's deadline to do so.[2] Roughly seven months later, the magistrate judge again extended the deadline for Shen to serve LaCour (citing the challenges presented by the COVID-19 pandemic) and recommended that I deny LaCour's second motion to dismiss for lack of personal jurisdiction.[3] Shen objects to portions of the order;[4] LaCour

---

[1] ECF No. 1, Ex. 1 at ¶¶ 11, 14, 17, 26 (complaint).

[2] ECF No. 32 (Judge Ferenbach's order) (granting in part and denying in part LaCour's motion to dismiss the complaint or, in the alternative, quash service (ECF No. 5)).

[3] ECF No. 61 (Judge Ferenbach's report and recommendation to deny LaCour's motion to dismiss (ECF No. 55)).

[4] ECF No. 36 (Shen objection).

objects to the report and recommendation.[5] I overrule both parties' objections and affirm Judge Ferenbach's determinations in their entirety.

## Background

**A.     Filing and service**

This breach-of-contract dispute[6] remains stalled by whether this court has jurisdiction over LaCour. Initially filed in Nevada state court,[7] the signed and notarized affidavit of service attached to the complaint states that service was effected by "personally delivering [to] and leaving a copy" of the complaint and summons with "Cheryl Nesler," who lives at 68-1025 N. Kaniku Drive, Apt. 619, Kamuela, Hawaii.[8]

Shen and LaCour dispute whether Nesler could accept service on LaCour's behalf and both parties have submitted competing affidavits on the matter. LaCour provided an affidavit from Nesler, in which Nesler admits that she lives at 68-1025 N. Kaniku Drive but denies that LaCour lives with her.[9] Nesler declares that she told Shen's process server that LaCour did not live there and that she would not deliver the documents to LaCour.[10] Shen provided an affidavit from his process server attesting to the opposite.[11]

Shen has continued to attempt personal service on LaCour without success. Beginning in August 2019, Shen hired two process servers to locate and serve LaCour.[12] Shen's counsel and

---

[5] ECF No. 65 (LaCour objection).
[6] ECF No. 1, Ex. 1.
[7] ECF No. 1 at 7.
[8] ECF No. 1, Ex. 4 at 28–29 (affidavit of service).
[9] ECF Nos. 5, 5-1 at 2 (motion to dismiss or quash service, and exhibit).
[10] ECF No. 5-1 at 2–3.
[11] ECF Nos. 12, 12-1 (opposition to motion to dismiss or quash, and exhibit).
[12] ECF No. 50 at ¶¶ 6, 10.

process servers ran "skip traces," a "court search," and "Westlaw searches" to find LaCour's physical address,[13] turning up three Hawaii addresses associated with LaCour, as well as a post office box.[14] The process servers made multiple visits to each residence, including Nesler's address, from January 2020 until March 2020, but LaCour could not be found.[15] The process servers also attempted to get in contact with LaCour via email and by telephone.[16] In March, the COVID-19 pandemic and subsequent stay-at-home orders interrupted further attempts to serve LaCour because one of Shen's process servers left Hawaii indefinitely, abandoning this case and his documents.[17]

**B.     The magistrate judge's order and report and recommendation**

The parties object, in part, to two of the magistrate judge's rulings.[18] Shen objects to the portion of the magistrate judge's December 30, 2019, order that granted LaCour's motion to quash service and denied her first motion to dismiss for lack of jurisdiction.[19] Shen argues that the magistrate judge exceeded his authority in quashing service and ignored the "weight of the evidence" that Shen served LaCour.[20] For her part, LaCour objects to the magistrate judge's July 16, 2020, report and recommendation that I deny her second motion to dismiss for lack of

---

[13] *Id.* at ¶¶ 6, 16, 22.

[14] *Id.* at ¶¶ 7, 11, 23, 26, 29, 33; ECF No. 50, Ex. 3 at ¶¶ 4–5; ECF No. 50, Ex. 4 at ¶¶ 6, 9.

[15] ECF No. 50 at ¶¶ 12–15; ECF No. 50, Ex. 2 at ¶¶ 5–8; ECF No. 50, Ex. 3 at ¶¶ 6–9.

[16] ECF No. 50 at ¶¶ 17; ECF No. 50, Ex. 2 at ¶¶ 9, 11.

[17] ECF No. 50 at ¶¶ 36–40.

[18] The magistrate judge has been required to rule in this matter multiple times. *See, e.g.*, ECF Nos. 16, 18, 32, 46, 61. Additionally, on September 2, 2020, the magistrate judge granted Shen's second motion to serve LaCour by publication. *See* ECF No. 71. This ruling does not affect my decision.

[19] ECF No. 36 (objecting in part to ECF No. 32 (order)).

[20] *Id.* at 4–6.

personal jurisdiction.[21] She argues that it would be an abuse of discretion to deny her motion and grant Shen additional time to serve her, and that the magistrate judge misapplied Ninth Circuit law.[22]

**Discussion**

**A.      Standard of review**

Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge "to hear and determine any pretrial matter pending before the court," except, in relevant part, a motion "to dismiss for failure to state a claim upon which relief can be granted" and to "involuntarily dismiss an action."[23] A judge may reconsider any pretrial matter under this section where it has been shown that the magistrate judge's order "is clearly erroneous or contrary to law."[24] A judge may also designate a magistrate judge to hear those motions excepted by § 636(b)(1)(A) and to provide the judge with "proposed findings of fact and recommendations" for those motions' disposition.[25] Should a party object to the recommendations provided by the magistrate judge, the judge will review those findings de novo.[26] The statute does not require review "of any issue that is not the subject of an objection."[27] Under the Local Rules, "the district judge may affirm, reverse, or modify, in whole or in part" a magistrate judge's order or report and recommendations.[28]

---

[21] ECF No. 65 (objecting to ECF No. 61 (report and recommendation)).
[22] *Id.* at 6–11.
[23] 28 U.S.C. § 636(b)(1)(A).
[24] *Id.*
[25] *Id.* at § 636(b)(1)(B).
[26] *Id.* at § 636(b)(1)(C).
[27] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[28] L.R. IB 3-1(b), 3-2(b).

A magistrate judge's jurisdiction to enter an order, rather than to issue recommendations, and a district judge's subsequent standard of review, generally hinges on whether the "effect of the motion" is dispositive of a claim or defense of a party.[29] Because LaCour styled her motion to quash as an alternative request to her first motion to dismiss, she seemingly rendered the motion dispositive[30] and subject to de novo review. Out of an abundance of caution, I review both the order and report and recommendation de novo.[31] Regardless of the standard of review that I employ, I affirm the magistrate judge's determinations in their entirety.

**B.     Affirming the magistrate judge's December 30, 2019, order**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."[32] While the rule is flexible, "without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'"[33] Federal Rule 4(e)(1) allows an individual to be served by following state law for serving summons in either the state where the district is located or where service is made.[34] Both Nevada and Hawaii permit substantively identical, substitute service.[35]

---

[29] *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004).

[30] LaCour argues that "[t]his District" refers motions to quash service to magistrate judges for disposition, citing multiple District of Utah decisions deciding motions to quash service for support. *See* ECF No. 37 at 4. I remind LaCour that she is litigating in the District of Nevada.

[31] *See U.S. v. Mueller*, 930 F.2d 10, 12 (8th Cir. 1991) (affirming the district court's order under de novo review, because the order was the "functional equivalent" of a report and recommendation).

[32] *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 686 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1984)).

[33] *Id.* at 688 (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

[34] Fed. R. Civ. P. 4(e)(1).

[35] *Compare* Nev. R. Civ. P. 4.2(a)(2) ("[service may be made] by leaving a copy of the summons and complaint at the individual's dwelling or place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served."), *with* Haw. C. Civ. P. 4(d)(1) "[(service may be made] by delivering a copy of the

When service is challenged, the plaintiff "bear[s] the burden of establishing that service was valid under Rule 4."[36] When factual issues exist, courts may hear evidence outside of the pleadings, including affidavits and depositions, to determine the facts.[37] If the plaintiff is unable to satisfy his burden, the court has the discretion to either dismiss the action or retain it and quash service.[38]

Shen has not demonstrated that he substantially complied with Federal Rule 4 and has yet to perfect service on LaCour. Shen admits that he has not personally served LaCour and instead maintains that he served LaCour by leaving documents at the residence she shares with Nesler.[39] But Shen provides no documentary evidence linking LaCour to Nesler's residence. And while his process server attests secondhand that Nesler accepted service on LaCour's behalf, I am more persuaded by Nesler's own affidavit swearing the opposite.[40]

Shen calls Nesler's affidavit "self-serving"[41] and buttresses his position with a Ninth Circuit decision and out-of-district cases declining to give much persuasive weight to

---

summons and of the complaint to the individual personally or in case the individual cannot be found by leaving copies thereof at the individual's dwelling or usual place of abode with some person of suitable age and discretion residing therein.").

[36] *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

[37] *See Forsythe v. Overmyer*, 576 F.2d 779, 781 (9th Cir. 1978) (reasoning that proper service must be established by a "preponderance of the evidence"), *abrogation on other grounds recognized in Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, No. 18-16026, 2020 WL 5035813, at *7 (9th Cir. Aug. 26, 2020); *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am.*, 301 F.3d 54, 57 (2d Cir. 2002) (using evidence outside of the pleadings to determine whether corporation had been properly served).

[38] *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

[39] ECF No. 12 at 2.

[40] *Compare* ECF No. 5-1, *with* ECF No. 12-1.

[41] ECF No. 12 at 5.

defendants' own affidavits disputing service.[42] But unlike the defendant affidavits in those cases,[43] Nesler is not a party to this suit, there is nothing in the record to indicate that she would benefit from LaCour evading jurisdiction, and there is no evidence that LaCour lives at her home. Additionally, many of these cases, including *S.E.C. v. Internet Solutions for Business Inc.*, are further inapposite because they were decided under Federal Rule 60(b), which imposes a higher burden of proof on defendants seeking to vacate default judgments when they had actual notice of the suit.[44] So I overrule Shen's objection, affirm the magistrate judge's order quashing service, and deny LaCour's motion to dismiss.

**C.     Affirming the magistrate judge's July 16, 2020, report and recommendation**

If a plaintiff fails to timely serve a defendant, Federal Rule 4(m) "requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause."[45] "Good cause to avoid dismissal may be demonstrated by establishing, at a minimum, excusable neglect," and may be supported by a further showing that "the party to be served personally received actual notice of the lawsuit," "the defendant

---

[42] *Id.* at 5–6 (citing, for example, *S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161 (9th Cir. 2007); *Craigslist, Inc. v. Hubert*, 278 F.R.D. 510 (N.D. Cal. 2011)).

[43] *See, e.g.*, *Internet Solutions for Business Inc.*, 509 F.3d at 1163 (finding, on a motion to vacate summary judgment, that defendant's own affidavit contesting service was not "strong and convincing evidence" rebutting process server's affidavit that he'd personally served defendant); *Craigslist, Inc.*, 278 F.R.D at 513 (determining that defendant's "self-serving declaration" regarding service did not overcome prima facie evidence of valid service); *Saxon Mortg. Servs., Inc. v. Hillery*, No. C-08-4357 EMC, 2008 WL 5170180, at *2 (N.D. Cal. Dec. 9, 2008) (finding defendant's and family member's declarations that process was not served insufficient to defeat presumption created by signed return of service, when documents were left at defendant's home).

[44] *Internet Solutions for Business Inc.*, 509 F.3d at 1166; *see also Craigslist, Inc.*, 278 F.R.D. at 513 n.7 (listing cases).

[45] *Mann v. American Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).

would suffer no prejudice[,]" and "plaintiff would be severely prejudiced if his complaint were dismissed."[46] District courts also "have broad discretion to extend time for service" and should "consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"[47]

I agree with the magistrate judge's recommendation and exercise my discretion to extend Shen's time to serve LaCour and deny her motion to dismiss. Though Shen has not made a showing of excusable neglect in failing to serve LaCour,[48] the factors advising an extension of time to complete service weigh in his favor. The COVID-19 pandemic has undoubtedly delayed service: as Shen's counsel attests, his process server left Hawaii because of the virus, abandoning this case and his papers.[49] LaCour also has actual notice of the lawsuit and, given the magistrate judge's recent grant of permission to serve by publication,[50] LaCour is likely to be served imminently. Finally, LaCour has failed to show that she will suffer any prejudice from an additional extension of time for service. LaCour also takes issue with the magistrate judge's rationale that because the statute of limitations is not yet at issue, an extension of time to complete service, rather than requiring plaintiff to refile this action, will conserve judicial resources. While LaCour is correct that the statute-of-limitations bar justifies granting an

---

[46] *Lemoge v. United States.*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)) (internal quotation marks omitted).

[47] *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. America, Inc.*, 160 F.3d 381, 383 (7th 1998)).

[48] Shen does not cogently make the case that he has shown good cause in failing to serve LaCour, reciting instead that the magistrate judge properly exercised his discretion in denying the motion because of the COVID-19 pandemic. *See* ECF No. 69 at 5.

[49] *See* ECF No. 50 at ¶ 39.

[50] *See* ECF No. 71.

extension when claims would be time-barred otherwise,[51] and not when the statute of limitations has yet to run, this is only one, non-dispositive factor in the calculus, and I find that the totality of the factors favor an extension. So I overrule LaCour's objection and adopt the magistrate judge's report and recommendation denying LaCour's motion to dismiss.

## Conclusion

IT IS THEREFORE ORDERED that:

Shen's objection **[ECF No. 36]** to the magistrate judge's order **[ECF No. 32] is OVERRULED**. I affirm the magistrate judge's order in all respects. LaCour's motion to dismiss or alternatively quash service **[ECF No. 5] is GRANTED IN PART**: LaCour's motion to dismiss is **DENIED** and her motion to quash is **GRANTED.**

LaCour's objection **[ECF No. 65]** to the magistrate judge's report and recommendation **[ECF No. 61] is OVERRULED**. LaCour's motion to dismiss **[ECF No. 55] is DENIED**.

Dated: September 8, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[51] *See U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004) ("[I]t is conceivable, however, that prejudice might result from a dismissal without prejudice if, for example, the statute of limitations had expired. The existence of prejudice of this kind could affect what action a court might choose to take in response to untimely service of process.").